UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60269-Civ-SCOLA

TERESA JANE TAYLOR,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on the Defendant's Motion to Dismiss [ECF No. 11], filed by United States of America (the "United States"). For the reasons set forth below, this action is dismissed.

### Introduction

Plaintiff Teresa Jane Taylor, a *pro se* litigant, filed this lawsuit against the United States in state court, alleging that over a four year period beginning in 1985 various state and local agencies and officials in Ohio caused to her endure traumatic abuse by her mother, her foster parents, and other individuals.[1] Specifically, Plaintiff alleges that she "was deprived of her state and federal and universal rights by, [the] state of Ohio, Allen County and Lima City level employees acting on behalf of the United States of America" because she was removed from the abusive home of her biological parents, placed in a foster home "filthy and full of garbage" where another child was being abused, not given proper medical treatment, returned to child services where she was abducted and sexually abused by two men, refused medical care again,

---

[1] While it plays no role in the outcome of this particular case, the Court notes that Plaintiff has filed a series of lawsuits, primarily in Ohio state and federal courts, pertaining to these and related or similar events. *See Taylor v. United States*, 2008 WL 4925214, at *1-*2 (Fed. Cl. Oct. 29, 2008); *Taylor v. Son*, 2008 WL 782589, at *1 n.2, n.3 (N.D. Ohio Mar. 20, 2008). It appears that most, if not all, of these actions were dismissed as frivolous or for lack of subject matter jurisdiction. In addition, the Attorney General of Ohio obtained an injunction against the Plaintiff as a serial litigant, after she filed more than 30 lawsuits against various state and local agencies and officials, and the Northern District of Ohio barred her from filing any more lawsuits without express permission of the court, after she brought more than nine frivolous cases there. *See Taylor*, 2008 WL 4925214, at *1-*2 (Fed. Cl. Oct. 29, 2008); *Taylor*, 2008 WL 782589, at *1 n.2, n.3.

and ultimately forced to return to the abusive home of her biological parents by child services. *See* Compl. at 2-3. According to Plaintiff, "all of these crimes would have been prevented had any single one [of] the federally funded agencies or individuals who handled her 'alleged juvenile care' had [sic] acted within the legal limits of their jurisdiction." *See id.* at 3.

Plaintiff sues the United States under various federal laws, the Constitution, and other alleged sources of rights for permanent physical and psychological injuries caused by the events above. As compensation, she seeks $1 billion, a presidential medal of honor, "lifelong amnesty and protection from all state and local and federal authorities of this nation," entry into "a federal protection program," honorary membership in the United States Military, all book and movies rights pertaining to this matter, and "to have a child protection system set up in her name to protect all children from suffering needlessly as she has[.]" *See id.* at 4.

The United States removed this case to federal court under 28 U.S.C. § 1442(a)(1) because the case was brought against the federal government. *See* Not. of Rem. [ECF No. 1]. Upon removal, the United States moved to dismiss the Complaint.

## **Legal Analysis**

Under Federal Rule of Civil Procedure 8(a), a pleading must contain only a "short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief"; and "a demand for the relief sought[.]" *See* Fed. R. Civ. P. 8(a). Dismissal for failure to state a claim is proper if the facts pled do not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009

Complaints drafted by *pro se* litigants, such as the Plaintiff, are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1979) (citations omitted). When determining whether to dismiss, the allegations of the complaint and attachments are taken as true and are construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Even so, "the leniency afforded *pro se* litigants does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action." *Shuler*, 2011 WL 4495624, at *6 (citation omitted).

Here, Plaintiff has sued the United States solely for the actions or omissions of state and local actors.  Even taking into account the leniency afforded *pro se* litigants, the Complaint must be dismissed because, under our system of federalism, the actions or inactions of state and local officials are not imputable to the United States Government and there is no cause of action against the United States for purely state or local behavior.  "Section 1983 does not apply to federal actors acting under color of federal law," *see* Hindman v. Healy, 278 F. App'x 893, 895 (11th Cir. 2008), and the other constitutional and legal provisions cited in the Complaint either do not confer a private right of action, do not fit the facts of this case, or otherwise do not confer a remedy under the facts alleged.  To the extent that Plaintiff seeks relief under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, any such cause of action is barred because the acts complained of took place during a four-year period beginning in the mid-1980s.  A claim against the United States under the Federal Tort Claims Act "shall be forever barred unless it is presented in writing to the appropriate Federal agency within *two years* after such claim accrues."  *See* 28 U.S.C. § 2401(b) (emphasis supplied).  Plaintiff has not complied with this requirement.

## Conclusion

In sum, even construing the Complaint very liberally, the Court finds that the Plaintiff has failed to allege facts showing any entitlement to relief against the United States.  Accordingly, for the reasons explained above, the United States's Motion to Dismiss [ECF No. 11] is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.  The Clerk is directed to **CLOSE** this case.  Any remaining motions on the docket are **DENIED AS MOOT**.

**DONE and ORDERED** in chambers, at Miami, Florida, on April 2, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**